**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**JERMELIA RANDOLPH,**
**o/b/o A.R.P., a minor,**

    **Plaintiff,**

             **Civil No.  15-cv-1097-DRH-CJP**

**vs.**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social**
**Security,**

    **Defendant.**

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Before the Court is the Commissioner of Social Security's motion to dismiss plaintiff's complaint as untimely in accordance with 42 U.S.C. § 405(g).

## Procedural History

In October 2013, an administrative law judge (ALJ) denied plaintiff's application for Supplemental Security Income (SSI) benefits on behalf of her minor son, A.R.P. Plaintiff requested that the Appeals Council review the ALJ's decision. On July 23, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thus making it the final decision of the Commissioner. On September 16, 2014, plaintiff filed a request for an extension to file a civil action with the Appeals Council. On October 10, 2014, plaintiff filed her complaint with this Court. On October 30, 2014, the Appeals Council denied plaintiff's extension of time request for lack of good cause.

1

**<u>Applicable Agency Regulations and Legal Standards</u>**

Judicial review of final decisions on disability claims arising under the

Social Security Act is provided for by 42 U.S.C. § 405(g) and (h), which provide:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.
> . . . .
> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Therefore, the only civil action permitted on a disability claim arising under the

Social Security Act is an action to review the "final decision of the Commissioner

of Social Security made after a hearing." The civil action must be brought "within

sixty days after the mailing" of notice to the party bringing the action of the

decision or "within such further time as the Commissioner may allow." 42 U.S.C.

§ 405(g).

The Commissioner has interpreted the sixty day statute of limitations

through regulation as follow:

> (c) Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210; *see also* 20 C.F.R. §§ 416.1401, 416.1481.

On July 23, 2014, [1] the Social Security Administration (SSA) amended the extension of time (EOT) rules for filing a claim in federal court to require a claimant seeking an extension to demonstrate "good cause" for the extension. HALLEX I-3-9-60. The change was announced via Transmittal I-3-74, which stated,

> HALLEX I-3-9-60 B – We added a subsection titled "EOT Requests Submitted Before a Civil Action Is Filed" and clarified that the Appeals Council will not grant EOT requests when a claimant does not submit or establish a good cause reason for requesting the EOT. . .
>
> HALLEX I-3-9-60 C – We added a subsection titled "EOT Requests Filed After a Civil Action Is Filed" and explained that these requests will be handled by the Court Case Preparation and Review Branch using the instructions in HALLEX I-3-9-60 B.

In March 2015, the SSA amended the HALLEX rules for obtaining an extension of time via Transmittal number I-3-101, which codified the changes at HALLEX I-3-9-92. The information formerly contained at HALLEX I-3-9-60 has

---

[1] Coincidentally, the same day plaintiff's appeal was denied.

now been incorporated into HALLEX I-3-9-92 with some revision. An extension of time requires evaluating good cause, and in determining whether a claimant has shown good cause for missing a deadline the Appeals Council considers:

1. What circumstances kept the claimant from making the request on time;

2. Whether the agency misled the claimant;

3. Whether the claimant did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

4. Whether the claimant had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented him or her from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 416.1411(a). Examples of good cause include, but are not limited to:

1. The claimant was seriously ill and was prevented from contacting the agency in person, in writing, or through a friend, relative, or other person;

2. There was a death or serious illness in the claimant's immediate family;

3. Important records were destroyed or damaged by fire or other accidental cause;

4. The claimant was trying very hard to find necessary information to support his or her claim but did not find the information within the stated time periods;

5. The claimant asked for additional information explaining the agency's action within the time limit, and within 60 days of receiving the explanation the claimant requested reconsideration or a hearing, or within 30 days of receiving the explanation the claimant requested Appeals Council review or filed a civil suit.

6. The agency gave the claimant incorrect or incomplete information about when and how to request administrative review or to file a civil suit;

7. The claimant did not receive notice of the initial determination or decision;

8. The claimant sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired;

9. Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that the claimant could not have known of the need to file timely, or which prevented him or her from filing timely.

20 C.F.R. § 416.1411(b).

<u>Analysis</u>

The Commissioner's argument is fairly straightforward. Plaintiff's appeal was denied on July 23, 2014. Plaintiff had until September 26, 2014 (sixty days after the decision) to file her complaint with the Court without an extension of time. Plaintiff requested an extension of time to file her complaint on September 16, 2014 because she needed "additional time to complete the forms required for initiation of the civil action." Plaintiff filed her complaint on October 10, 2014. On October 30, 2014, plaintiff received notice that her request for an extension of time had been denied for failure to establish good cause for the extension request per HALLEX I-3-9-92. The Commissioner contends that plaintiff's reasoning for the extension request does not establish any circumstances that constitute good cause under 20 C.F.R. § 416.1411 and accordingly her complaint should be dismissed with prejudice.

Plaintiff's arguments, on the other hand, are more complex. She first contends that the SSA's July 23, 2014 change to the extension of time rule was subject to notice-and-comment rulemaking which did not occur. Second, she argues that the SSA acted in an arbitrary and capricious manner when applying the good cause standard.[2]

The Court will begin with plaintiff's second argument. The Seventh Circuit has established clear principles to help courts discern when conduct is considered arbitrary and capricious under Section 706 of the APA. *See*, *Bd. of Trs. Hosp. v. Shalala*, 135 F.3d 493, 501—02 (7th Cir. 1998). In *Br. Of Trs. Hosp.*, it was determined that that contradictory treatment by an agency violated Section 706 of the APA, especially when that treatment is "inconsistent with previously held views" or "[w]hen an agency begins to grant exceptions in certain cases . . . interests represented in other cases can ask a court to review the denial of an exception as arbitrary in light of the agency's past practice." *Id.* at 502**.**

Section 706 of the APA has been interpreted to require an agency to articulate a reason for deviating from an established precedent. The Supreme Court held that "[a]n agency may not . . . depart from a prior policy *sub silento* or simply disregard rules that are still on the books." *FCC v. Fox TV Stations, Inc.*,

---

[2] Plaintiff states that she "does not rely upon the common law notion, espoused by the Supreme Court in *Chevron*, that an agency's regulations are "given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Chevron v. Natural Resource Defense Council,* 467 U.S. 837, 844 (1984) (emphasis added)." She reasons that "the Supreme Court's recent decision in *Perez* may mark the beginning of the end for the common law deference espoused in Chevron and its progeny**.** *Perez v. Mortg. Bankers Ass'n*, 135 S. Ct. 1199, 1203—04, 1206 (March 9, 2015) (ending the so-called Paralyzed Veterans doctrine and casting doubt over the continued applicability of Chevron in light of the APA's more explicit provisions)."

556 U.S. 502, 515 (2009). The Seventh Circuit has held that an agency's actions were void when it departed from its established precedent without explicit and rational justification for the departure. *Akinyemi v. INS*, 969 F.2d 285, 288, 290 (7th Cir. 1992)(agency acted in an arbitrary and capricious manner when it "inexplicably departed from established policies"). See also, *Exelon Generation Co. v. Local 15, IBEW*, 676 F.3d 566, 578 (7th Cir. 2012)("[w]hat the [agency] clearly could not do was overrule its prior policy by having its staff issue an unpublished guidance statement without any reasoned explanation for the change . . . [doing so] might well flunk the 'arbitrary-and-capricious' standard of review under the APA.").

Plaintiff contends that both before and after the good cause standard was changed the Commissioner regularly granted extensions to other claimants requesting extensions for the same reason she provided.  Plaintiff submitted seventeen examples from April through November of 2014 where claimants requested identical extensions of time "in order to complete the forms required for initiation of the civil action" and had them granted. (Pl.'s Br. Ex. B, C).

Plaintiff's argument is well received. As plaintiff notes, the Council's rejection of plaintiff's request used boilerplate language and did not explicitly and rationally explain the departure from their typical "good cause" standard. The SSA had established a precedent that the phrase "in order to complete the forms required for initiation of the civil action" constituted good cause. The Appeals Council clearly departed from its precedent in this case and failed to provide any

rationale as to why. The Council also continued to grant extensions on this reason alone well after plaintiff was denied. Therefore, the Commissioner's motion to dismiss must be denied as plaintiff's extension request met the precedential requirements, and was denied in an arbitrary and capricious manner.

Plaintiff's second argument is that the July 23, 2014 change to the rules was subject to the notice-and-comment requirement of the Administrative Procedure Act (APA). The APA requires an agency to have notice-and-comment rulemaking prior to promulgating new rules. 5 U.S.C. §§ 550 et seq. and § § 701 et seq. This requires an agency to publish a notice of a proposed rule to the Federal Register and to accept and consider public comments on its proposal. 5 U.S.C. § 553. The SSA is subject to this notice-and-comment rulemaking requirement pursuant to the Reform Act of 1984. 42 U.S.C. § 902(a)(5)&(7). According to Section 553 of the APA, a rule of an agency is considered void when it is subject to notice-and-comment rulemaking and the agency failed to follow the APA's administrative requirements.

New rules are only subject to notice-and-comment rulemaking when they are substantive or legislative in nature, as opposed to interpretive. The "starting point" in determining whether a rule is substantive or interpretive is the agency's characterization of the rule. "The agency's characterization is not dispositive, but is a relevant factor." *Metro. Sch. Dist. v. Davila*, 969 F.2d 485, 489 (7th Cir. Ind. 1992)(quoting United Technologies Corp. v. U.S. EPA, 821 F.2d 714, 718 (D.C. Cir. 1987)).

Plaintiff claims that the change elevated the "good cause" standard for obtaining an extension and altered the legal rights of claimants and was therefore substantive in nature. However, a rule affecting obligations and rights "is not ipso facto legislative." *Prod. Tool Corp. v. Employment & Training Admin., U.S. Dep't of Labor*, 688 F.2d 1161, 1166 (7th Cir. 1982).

The Seventh Circuit has noted that "interpretive rules may have a substantial impact on the rights of individuals" and that "[t]he impact of the rule has no bearing on whether it is legislative or interpretive." *Metro. Sch. Dist.* at 493. "The distinction between interpretive. . . and substantive (or 'legislative') rules is admittedly far from crystal-clear." *Davila*, 969 F.2d at 489 (quoting *Chem. Waste Mgmt., Inc. v. EPA*, 869 F.2d 1526, 1534, 276 U.S. App. D.C. 207 (D.C. Cir. 1989))**.** Further, "[a]n interpretive rule simply states what the administrative agency thinks the [underlying] statute means, and only reminds affected parties of existing duties." *Id.* at 489 (7th Cir. 1992). "[I]f by its action the agency intends to create new law, rights, or duties, the rule is properly considered to be a legislative rule." *Id.* Further,

> Rules are legislative when the agency is exercising delegated power to make law through rules, and rules are interpretative when the agency is not exercising such delegated power in issuing them. When an agency has no granted power to make law through rules, the rules it issues are necessarily interpretative; when an agency has such granted power, the rules are interpretative unless it intends to exercise the granted power

*Id. at* 490*.*

Here, the SSA intended to "update instructions on processing requests for

extensions of time to file a civil action in the Disability Program Branches."
Transmittal I-3-74. It does not attempt to create any new law, right or duty but
instead explains how the Appeals Council will exercise discretion in determining
when extensions will be granted. That it has chosen to inform the public of its
judgment does not render the manual legislative or requiring of notice and
comment rulemaking procedures. Additionally, as plaintiff noted, the Appeals
Council granted some extensions of time based on the same request for an
extension after the manual was updated. This leads the Court to believe that the
updated HALLEX manual did not alter the legal rights of plaintiff since it did not
necessarily change the requirements for extension. However, this also affirms that
the agency's decision to deny plaintiff's extension was seemingly arbitrary.

The Court wishes to stress that this Order should not be construed as an
indication that the Court believes that plaintiff is disabled or that she should be
awarded benefits. On the contrary, the Court has not formed any opinions in that
regard, and leaves those issues to be determined after further proceedings.

10

**<u>Conclusion</u>**

The Commissioner's Motion to Dismiss (Doc. 12) is DENIED. The Commissioner is directed to file the transcript of administrative record and an answer to plaintiff's complaint within thirty (30) days.

**IT IS SO ORDERED.**

**Dated: February 10, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.02.10 10:52:44 -06'00'

**United States District Court**